IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL GABYZON<br>Via Della Croce 85<br>00187 Rome, Italy<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | No. _____ |

## COMPLAINT
### (IN THE NATURE OF A PETITION TO QUASH AN IRS SUMMONS ON BANK-FUND STAFF FEDERAL CREDIT UNION)

Pursuant to 26 U.S.C. § 7609(b)(2), Carol Gabyzon petitions the Court to quash an IRS summons issued to Bank-Fund Staff Federal Credit Union ("BFSFCU") for unspecified books, records, papers, and other data supposedly relating to alleged "French Income Tax Liabilities" of the petitioner. The summons is attached as Exhibit A.

### Jurisdiction and Parties

1. Jurisdiction is conferred on this Court by 26 U.S.C. § 7609(h)(1). It provides in pertinent part that "[t]he United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2)." § 7609(h)(1).

2. The summons was issued to Bank-Fund Staff Federal Credit Union at 1750 H Street, NW, Suite 300, Washington, DC 20006.

3. Carol Gabyzon is the petitioner. She lives in Rome, Italy, and gives the Court jurisdiction over her personally by virtue of filing this petition.

4. The United States is the respondent.

5. This petition was timely filed on November 3, 2010, which was within 20 days after October 14, 2010, the day the IRS appears to have mailed notice to the petitioner regarding the summons on BFSFCU. *See* § 7609(b)(2)(A).

6. The plaintiff timely notified the summoned party and the IRS of its petition to quash by sending a copy of the petition by certified mail on November 3, 2010, to the following:

Bank-Fund Staff Federal Credit Union
1750 H Street, NW, Suite 300
Washington, DC 20006

Internal Revenue Service
1111 Constitution Ave., NW
Washington, DC 20224
Attn: R.A. Fattaneh HomayounMehr

*See* § 7609(b)(2)(B); Ex. B.

7. The plaintiff timely served the United States with this petition and a summons by sending a copy of each by certified mail on November 3, 2010, to the following:

Civil-process Clerk
United States Attorney's Office
For the District of Columbia
555 Fourth St., NW
Washington, DC 20530

Attorney General Eric H. Holder, Jr.
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

*See* Fed. R. Civ. P. 4(i); Ex. C.

## Objections

8. The summons tells the reader to see an attachment for "specific information requested." But the copy sent to the petitioner had no such attachment. The copy also did not contain the full text of § 7609, which is a standard part of the preprinted summons form and

which sets forth the statutory law governing petitions to quash IRS summonses. *See* Ex. D (Form 2039). Last, the IRS sent notice of the summons to France, not to Italy where the petitioner lives.

9. These defects establish that the IRS did not comply with the administrative steps required by the Internal Revenue Code. And, taken together, they raise the possibility that the summons may have been issued for an improper purpose.

10. Moreover, without a description of the information sought it is impossible to evaluate whether, among other things, the unspecified summoned information is relevant, privileged or protected, or already in the possession of the IRS.

11. For the same reason, it is also impossible to determine whether the summons is overbroad or vague. This assumes, of course, that the summons sent to BFSFCU included the referenced attachment. If it did not, then the summons is necessarily overbroad and vague.

12. The petitioner has also been a resident of Italy, not France, since 2007. Ex. E. And unlike the United States, France does not tax its non-resident citizens on worldwide income. It is not clear, therefore, whether France would be able to obtain through its own laws the information it is seeking. And the tax convention between France and the United States provides that France may not ask the United States to supply information that is not obtainable under the laws of France. *See* Convention Between the Government of the United States and the Government of the French Republic for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion With Respect to Taxes on Income and Capital, Article 27, Paragraph 3.b.

## Prayer for Relief

**WHEREFORE**, the petitioner respectfully asks the Court to quash the IRS summons; award costs and attorneys' fees to the petitioner to the extent allowed by law; and award such other and further relief to the petitioner as warranted.

Respectfully submitted,

Date: NOV. 3, 2010

Matthew C. Hicks, DC Bar No. 982588
CAPLIN & DRYSDALE, CHTD.
One Thomas Circle, N.W., Suite 1100
Washington D.C. 20005
(202) 862-7852
mh@capdale.com